UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**          :          CR. NO. 1:24-CR- 161

                  :

        v.          :          (Judge WILSON )

                  :

**ROBERT MERCED,** and
**RODRIGO MURILLO,**          :
    Defendants.          :

                                          **FILED**
                                **HARRISBURG, PA**

## I N D I C T M E N T

                                JUN 2 6 2024

                      PER_____ IRR _____
THE GRAND JURY CHARGES:                   **DEPUTY CLERK**

### COUNT 1
21 U.S.C. § 846
(Conspiracy to Distribute a Controlled Substance)

1.    On or about March 26, 2024, in York County, within the

Middle District of Pennsylvania, the defendants,

**ROBERT MERCED**, and
**RODRIGO MURILLO**,

knowingly and intentionally combined, conspired, confederated, and

agreed together and with each other, and with other persons known and

unknown to the Grand Jury, to commit the following offenses against

the United States: to distribute and possess with the intent to

distribute marijuana, a Schedule I controlled substance, in violation of

Title 21, United States Code, Section 841(a)(1).

In violation of Title 21 United States Codes, Sections 846 and 841(b)(1)(D).

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute a Controlled Substance)

On or about March 26, 2024, in York County, within the Middle District of Pennsylvania, the defendants,

**ROBERT MERCED**, and
**RODRIGO MURILLO**

did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
18 U.S.C. § 924(c)(1)
(Possession of Firearms in Furtherance of a Drug Trafficking Crime)

On or about March 26, 2024, in York County, within the Middle District of Pennsylvania, the defendant,

**ROBERT MERCED,**

did knowingly possess firearms, that is, an unknown make/model .22

caliber semi-auto pistol; a Glock 43 pistol SN AEXU017; and

machineguns as defined by 26 U.S.C. § 5845(b), that is, an unknown

make/model .380 handgun, an unknown make and model 5.56 AR

pistol, in furtherance of a drug trafficking crime for which he may be

prosecuted in a court of the United States, to wit: possession with intent

to distribute a controlled substance, in violation of Title 21, United

States Code, Section 841(a)(1), as charged in Count 2.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)

and (c)(1)(B)(ii).


THE GRAND JURY FURTHER CHARGES:

## COUNT 4
18 U.S.C. § 924(c)(1)(A)
(Possession of Firearms in Furtherance of a Drug Trafficking Crime)

On or about March 26, 2024, in York County, within the Middle

District of Pennsylvania, the defendant,

**RODRIGO MURILLO,**

did knowingly possess firearms, that is, a Baretta 9mm handgun, SN

AO13862X, and an American Tactical 300 blackout pistol, SN

3

NS120815, in furtherance of a drug trafficking crime for which he may

be prosecuted in a court of the United States, to wit: possession with

intent to distribute a controlled substance, in violation of Title 21,

United States Code, Section 841(a)(1), as charged in Count 2.

In violation of Title 18, United States Code, Section 924(c)(1)(A)

THE GRAND JURY FURTHER CHARGES:

**COUNT 5**
18 U.S.C. § 922(g)
(Possession of a Firearm by a Prohibited Person)

On or about March 26, 2024, in York County, within the Middle

District of Pennsylvania, the defendant,

**ROBERT MERCED,**

knowing he had previously been convicted of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed

firearms, to wit, an unknown make/model .22 caliber semi-auto pistol; a

Glock 43 pistol SN AEXU017; and machineguns as defined by 26 U.S.C.

§ 5845(b), that is, an unknown make/model .380 handgun, an unknown

make and model 5.56 AR pistol, and the firearms possessed were in and

affecting interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## FORFEITURE ALLEGATION

1.    The allegations contained in Counts 1 through 5 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of the offenses in violation of Title 21, United States Code, Sections 846 and  841(a)(1) and Title 18, United States Code, Sections 924(c)(1) and Title 18, United States Code, Section 922(g)(1) set forth in Counts 1 through 5 of this Indictment, the defendants,

### ROBERT MERCED, and
### RODRIGO MURILLO

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; any property used, or intended to be  used, in any

manner or part, to commit, or to facilitate the commission of, the

offenses; and any firearms and ammunition involved in the commission

of the offenses. The property to be forfeited includes, but is not limited

to, the following:

> a.  an Unknown make and model 5.56 AR pistol with
>     affixed sound suppressor and any associated
>     ammunition.
>
> b.  an Unknown make and model .22 pistol with affixed
>     sound suppressor and any associated ammunition.
>
> c.  an Unknown make and model .380 pistol any
>     associated ammunition.
>
> d.  a Glock 43 pistol (SN AEXU017) and any associated
>     ammunition.
>
> e.  a Baretta 9mm handgun (SN AO13862X) and any
>     associated ammunition.
>
> f.  an American Tactical 300 blackout pistol (SN
>     NS120815) and any associated ammunition

3.  If any of the property described above, due to any act or

omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

A TRUE BILL

GERARD M. KARAM
United States Attorney

MARK G. MONROE
Special Assistant U.S. Attorney

FOREPERSON

June 26, 2024

Date

7